## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALAN MICHAEL FRANK (#556110)**  **CIVIL ACTION**

**VERSUS**

**KENDRICK HARRISION, ET AL.**  **NO. 15-0442-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN MICHAEL FRANK (#556110)                    CIVIL ACTION

VERSUS

KENDRICK HARRISION, ET AL.                      NO. 15-0442-SDD-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the Motions to Dismiss of Defendants Hal MacMurdo, Michael Vaughn and Sheena Thomas (R. Docs. 14 and 35).  These motions are opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Kendrick Harrison, Dr. Hal MacMurdo, LSP Investigator Michael Vaughn and Mental Health Worker Sheena Thomas, alleging that his constitutional rights were violated on February 5, 2015 when defendant Harrison performed oral sex upon Plaintiff without Plaintiff's consent and when the remaining defendants thereafter failed to take appropriate action to investigate or respond to Plaintiff's complaint.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may be dismissed when the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at

---

[1] Defendant Kendrick Harrison has not yet been served and so has neither appeared in this proceeding nor participated in the instant motions to dismiss.

555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the Court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that on February 5, 2015, defendant Kendrick Harrison escorted Plaintiff into a restroom at LSP and there performed oral sex upon Plaintiff without Plaintiff's consent. Plaintiff alleges that after sleeping and thinking about the incident, he requested a consultation with a mental health professional, and defendant Sheena Thomas arrived at Plaintiff's cell where Plaintiff informed her about the incident. Defendant Thomas relayed

Plaintiff's complaint to an LSP Investigator, defendant Michael Vaughn, and Plaintiff was then escorted to the LSP infirmary where he was questioned by defendants Thomas and Vaughn and was seen by defendant Dr. Hal MacMurdo. Plaintiff complains that although he requested that defendant MacMurdo swab Plaintiff's penis for DNA testing, Dr. MacMurdo refused and instead advised Plaintiff that defendant Harrison's DNA would be present on Plaintiff's boxer shorts if the incident had occurred as reported. Accordingly, defendant MacMurdo instructed Plaintiff to place his clothing into a bag for DNA testing, after which Plaintiff was returned to his housing unit. Plaintiff alleges that he was subsequently brought before a polygraph examiner, but Plaintiff concedes that he refused to participate in the examination. Finally, Plaintiff complains that nothing ultimately resulted from his complaint about the incident because the DNA analysis of his clothing provided an "inconclusive" result as to defendant Harrison.

In the instant motions, defendants MacMurdo, Vaughn and Thomas first seek dismissal of Plaintiff's claim asserted against them in their official capacities.[2] In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the

---

[2] It is unclear from Plaintiff's pleadings whether he has named the defendants in their official and/or their individual capacities. The Court, however, interprets the pleadings of *pro se* petitioners liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will interpret Plaintiff's Complaint as naming the defendants in both capacities.

state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendants in their official capacities for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains viable because a claim asserted against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert that they are entitled to qualified immunity in connection with Plaintiff's claims. Specifically, Defendants contend that Plaintiff has failed to sufficiently allege conduct on their part that rises to the level of a violation of Plaintiff's federal constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers (1) whether Defendants' conduct violated Plaintiff's constitutional rights and (2) whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Saucier v. Katz, supra*, 194 U.S. at

202. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* at 201. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once Defendants plead qualified immunity, the burden shifts to Plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.

Undertaking the qualified immunity analysis, the Court finds that the motions to dismiss of defendants MacMurdo, Vaughn and Thomas should be granted. Specifically, the Court concludes that Plaintiff's Complaint fails to state a claim of constitutional dimension relative to these defendants and that his claims asserted against them should be dismissed.

Viewing Plaintiff's allegations in the light most favorable to him, his claim asserted against the appearing defendants is only that they failed to take appropriate action to investigate or gather evidence that may have been pertinent to his assertion that Sgt. Kendrick Harrison subjected him to a sexual assault on February 5, 2015. Notwithstanding, the law is clear that an inmate's assertion that prison officials have allegedly mishandled, improperly denied, or failed to investigate or respond to grievances, complaints, or requests for intervention fails to state a meritorious claim under § 1983 inasmuch as an inmate plaintiff is not constitutionally entitled to an investigation into his claims or complaints or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate

his grievances is indisputably meritless"). Moreover, the record reflects in any event that Defendants did not ignore or disregard Plaintiff's allegations relative to defendant Kendrick Harrison but instead engaged in conduct that was reasonably calculated to ascertain the truth of Plaintiff's assertions. Specifically, when Plaintiff reported the incident to defendant Thomas, his complaint was communicated to defendant Vaughn, an LSP Investigator, and Plaintiff was subsequently both questioned about the incident and transported to the prison infirmary where evidence was collected for DNA analysis by defendant MacMurdo, an LSP physician. In addition, Plaintiff was provided with an opportunity to undertake a polygraph test, and the only reason such test was not performed was because Plaintiff admittedly refused to cooperate with the polygraph examiner.[3] Whereas Plaintiff apparently believes that additional or other evidence should have been collected for DNA testing and that other or more competent prison personnel should have been made available to him, his complaint in this regard does not rise to the level of a constitutional violation. Accordingly, Plaintiff has failed to state a cause of action under § 1983 relative to the alleged conduct of defendants Thomas, Vaughn and MacMurdo, and these defendants are entitled to judgment as a matter of law in connection with these claims.[4]

---

[3] The Court further notes in this regard that there is no recognized right of an inmate to compel state officials to allow him to take a lie detector test in any event. *See Thompson v. Flaherty*, 2010 WL 3667013, *2 (S.D. Ohio Sept. 14, 2010), *and cases cited therein*.

[4] In his Opposition to the Motion to Dismiss of defendants MacMurdo and Vaughn (R. doc. 15), Plaintiff asserted for the first time that Defendants allegedly failed to comply with Regulation No. C-02-022 of the Louisiana Department of Public Safety and Corrections, which Regulation purportedly has as its stated purpose, "to prevent, detect, and respond to sexual abuse by staff …." To the extent that this assertion may be seen as an attempt by Plaintiff to amend his Complaint to add this additional claim, the law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989). *See also Woodard v. Andrus*, 419 F.3d 348, 1252-53 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if Plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, upon a consideration of the claims remaining before the Court, the Court recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims and that the Motions to Dismiss of defendants Hal MacMurdo, Michael Vaughn and Sheena Thomas (R. Docs. 14 and 35) be granted, dismissing Plaintiff's claims asserted against these defendants, with prejudice, for failure to state a claim upon which relief may be granted.  It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings in connection with Plaintiff's claim asserted against defendant Kendrick Harrison.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

constitutional rights"). Accordingly, to the extent that Defendants may have violated prison rules or regulations in conducting their investigation of Plaintiff's complaint in February 2015, this conduct does not rise to the level of a constitutional violation cognizable under § 1983. Nor does Defendants' alleged failure to conduct a more thorough investigation amount to deliberate indifference to Plaintiff's health or safety within the context of the Eighth Amendment to the United States Constitution.