# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALAN MICHAEL FRANK (#556110)**             **CIVIL ACTION**

**VERSUS**

**KENDRICK HARRISION, ET AL.**             **NO. 15-0442-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 17, 2017.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN MICHAEL FRANK (#556110)                    CIVIL ACTION

VERSUS

KENDRICK HARRISION, ET AL.                      NO. 15-0442-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action in July, 2015 pursuant to 42 U.S.C. § 1983 against Sgt. Kendrick Harrison, Dr. Hal MacMurdo, Investigator Michael Vaughn and Mental Health Worker Sheena Thomas, alleging that his constitutional rights were violated on February 5, 2015 when defendant Harrison performed oral sex upon Plaintiff without Plaintiff's consent and when the remaining defendants failed to take appropriate action to investigate or respond to Plaintiff's complaint.  Pursuant to Magistrate Judge's Report dated June 30, 2016 (R. Doc. 37), the undersigned recommended that Motions to Dismiss filed by Defendants Hal MacMurdo, Michael Vaughn and Sheena Thomas be granted, dismissing Plaintiff's claims asserted against these Defendants.  Pursuant to Ruling dated August 10, 2016 (R. Doc. 41), the assigned District Judge accepted the Magistrate Judge's Recommendation.

The record reflects that the single remaining Defendant, Kendrick Harrison, has not been served and has neither appeared in this matter nor participated in any of the proceedings.  Inasmuch as Plaintiff is proceeding *pro se* in this case, the Court, pursuant to Order dated September 9, 2015 (R. Doc. 6), directed the Marshal's Office to serve Defendants, wherever found.  In accordance with normal procedure, the Marshal's Office forwarded correspondence to Plaintiff directing him to fill out and return a copy of a United States Marshal's Form USM-285, providing the names and addresses of the Defendants to be served.  Plaintiff returned the completed form to the Marshal's Office, indicating

that the Marshal should serve defendant Harrison at the office of the Louisiana Department of Public Safety and Corrections. *See* R. Doc. 8. The record reflects that the United States Marshal's Office thereafter attempted to serve Defendant Harrison at that address, but the hand-written notation on the Marshal's Return indicates that the Department refused to accept service for Defendant Harrison because he was "no longer employed by DOC." *See id*. The referenced Marshal's Return was filed into the record on October 9, 2015, and a copy thereof was sent to Plaintiff at his record address.

Approximately two months later, on December 1, 2015 Plaintiff filed a Motion to Obtain Defendants Information (R. Doc. 16) and the Court responded thereto by directing that Defendants file, under seal, the current or last known address of Defendant Harrison so that a subsequent attempt at service could be undertaken by the United States Marshal's Office. *See* R. Doc. 24.

The last known address of Defendant Harrison was subsequently filed into the record (R. Doc. 31), after which the Clerk of Court re-issued summons, and another attempt at service was undertaken. Notwithstanding, the second attempt was also unsuccessful. *See* R. Doc. 36. Specifically, Defendant Harrison's mother, who apparently resides at the address provided under seal, informed the Deputy United States Marshal on May 18, 2016 that Defendant Harrison resides at an unidentified address in the State of Louisiana. *See id.* The Marshal's Return also indicates that Defendant Harrison contacted the Deputy United States Marshal personally by telephone and advised the Deputy Marshal that if the Marshal mailed the summons to the post office address provided under seal, Defendant's father would personally deliver the summons to Defendant in Louisiana. *See id.* Delivery to a post office box, however, and subsequent delivery to Defendant by Defendant's father, would not have constituted effective service under Fed. R. Civ. P. 4, which Rule requires either a formal waiver of service by Defendant or personal or domiciliary service upon him by Plaintiff's designated or appointed agent.[1]

---

[1] Pursuant to Fed. R. Civ. P. art. 4(e), unless federal law provides otherwise, an individual may be served (1) by delivering a copy of the summons and complaint to the individual personally, (2) by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (3) by delivering a copy to an agent authorized by appointment or by law

The record reflects that no further action has since been taken by Plaintiff to obtain service upon Defendant Harrison, and no appearance has been made on Defendant Harrison's behalf, either by motion or by answer filed in this proceeding.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2]  This Rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id., quoting Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).  A district court retains the discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In the instant case, as noted above, the Court appointed the United States Marshal's Office to effect service on Defendant Harrison in this case, as required by Rule 4(c)(3) of the Federal Rules of Civil Procedure.  In such instance, an incarcerated *pro se* plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect

---

to receive service of process, or (4) in accordance with the procedures utilized by the state for service of process.  Louisiana law similarly provides that, in the absence of an authorized or appointed agent, service must be made by delivery of the Complaint either to a defendant personally or to a person of suitable age and discretion at the defendant's domicile.  *See* La. Code Civ. P. art. 1231, *et seq.*  *See also Drago v. Drago*, 477 So.2d 786, 788 (La. App. 5th Cir.), *writ denied*, 478 So.2d 1236 (La. 1985).

[2]    Rule 4(m) has since been amended to shorten the period to ninety (90) days.

service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, once a plaintiff has been placed on notice of deficiencies in service, he "may not remain silent and do nothing to effectuate such service." *Id.* at 1110. *See also Ellibee v. Leonard*, 226 Fed. Appx. 351, 358 (5th Cir. 2007). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson, supra,* 828 F.2d at 1110. If the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will ordinarily be unable to show good cause for such failure. *See id. See also Lindsey v. United States Railroad Retirement Board, supra*, 101 F.3d at 447.

In the instant case, after appointment of the United States Marshal's Office for service, the plaintiff provided the Marshal's Office with address where Defendant Harrison was believed to be employed, as the place where Defendant could be served. However, inasmuch as Defendant Harrison was apparently no longer employed by the Louisiana Department of Corrections, service was refused for Defendant on October 8, 2015. *See* R. Doc. 8. By receipt of the service copy of the Marshal's Return, Plaintiff was placed on notice that service had not been effected as to Defendant Harrison. A subsequent attempt at service was also unsuccessful on May 18, 2016 when the last known address of Defendant Harrison proved not to be his address of residence. *See* R. Doc. 36. Plaintiff has taken no action since that time, a period of approximately 10 months, to obtain service upon Defendant Harrison, to obtain or provide additional information relative to Defendant's location, or to obtain an extension of time within which to effect service.

Based on the foregoing chronological recitation, the Court concludes that service upon Defendant Harrison has not been effected in a timely manner in accordance with Fed. R. Civ. P. 4(m), and there is nothing in the record to suggest that Plaintiff has taken further action within a reasonable period of time to obtain service. Nor is there anything in the record to suggest that Plaintiff will be

able to locate and serve Defendant Harrison within a reasonably foreseeable period of time, through for example, obtaining the services of a private investigator or undertaking the expense of third-party discovery    Accordingly, Plaintiff has not shown good cause in this case for an extension to time to effect service upon Defendant Harrison, and it is appropriate that this proceeding be dismissed, without prejudice, as a result of Plaintiff's failure to effect timely service upon the single remaining defendant.[3]

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure to timely effect service upon Defendant Kendrick Harrison pursuant to Fed. R. Civ. P. 4(m).

Signed in Baton Rouge, Louisiana, on April 17, 2017.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court hereby advises Plaintiff that this Report constitutes notice that the Court is *sua sponte* raising the issue of timeliness of service of process. In accordance with 28 U.S.C. § 636(b)(1), Plaintiff has a period of fourteen (14) days from the date of service of this Report to file written objections to the proposed findings of fact and conclusions of law contained herein, and Plaintiff may submit, in connection with his written objections, any evidence or argument that he may have supporting a contention that there is good cause for his failure to effect timely service upon Defendant Harrison.